UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| VICTORIA DAVIS | ) |
| | ) |
| Plaintiff, | ) Civil Action Number: |
| | ) |
| v. | ) |
| | ) |
| | ) Jury Trial Demanded |
| HARPER GLOBAL ENTERPRISES INC., a | ) |
| DOMESTIC PROFIT CORPORATION | ) |
| | ) |
| Defendant. | ) |

## FAIR LABOR STANDARDS OVERTIME COMPLAINT

COMES NOW Plaintiff Victoria Davis ("Plaintiff") by and through her undersigned counsel, and files this lawsuit against Defendant HARPER GLOBAL ENTERPRISES INC., (hereinafter "Defendant") pursuant to § 216(b) of the Fair Labor Standards Act of 1938, and in support thereof would further state as follows:

### INTRODUCTION

1. The instant action arises from Defendant's violations of Plaintiff's rights under the Fair Labor Standards Act, 29 U.S.C. §§ 201, et seq., as amended (hereinafter "FLSA"), to remedy violations of the overtime provisions of the FLSA by Defendant which have deprived Plaintiff of her lawful overtime wages.

2. Defendant employed Plaintiff as a remote working Client Intake Specialist operating from her home in

3. During the employment of Plaintiff, Defendant committed violations of the FLSA by failing to compensate Plaintiff at the legally appropriate overtime wage rate for hours worked in excess of forty hours in a given workweek.

4. Plaintiff seeks overtime compensation for work performed, an equal amount of liquidated damages, attorneys' fees, costs, and other appropriate relief pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) and 29 U.S.C. § 216(b) (FLSA).

6. Venue is proper in the Northern District of Georgia under 28 U.S.C. § 1391 (b) and (c) because a substantial part of events or omissions giving rise to the claims occurred within the jurisdiction of this Court and because Defendant is subject to personal jurisdiction in this District.

## PARTIES

7. Plaintiff resides in Fulton County, Georgia (within this District).

8. At all times material to this action, Plaintiff was an "employee" of Defendant defined by § 203(e)(1) of the FLSA and worked for Defendant within the territory of the United States.

9. Plaintiff is further covered by §§ 203, and 207 of the FLSA for the period in which she was employed by Defendant.

10. Defendant conducts business within this State and District.

11. Defendant is a Domestic Profit Company formed under the laws of the State of Georgia.

12. Defendant is located within this District with its principal offices at 1035 Rockingham Street, Alpharetta, GA, 30022

13. Defendant is subject to personal jurisdiction in the State of Georgia for purposes of this lawsuit and can be served through its registered agent, Dakotah Blue Rice 1035 Rockingham Street, Alpharetta, GA, 30022.

14. Defendant maintained either actual or constructive control, oversight and direction of Defendant's business, including the employment and pay and other practices of those operations of Defendant.

15. At all times material to this action, Defendant was an enterprise engaged in commerce or in the production of goods for commerce as defined by § 203 of

the FLSA and had an annual gross volume of sales which exceeded $500,000.

16. At all times material to this action, Defendant was an "employer" of Plaintiff as defined by § 203(d) of the FLSA.

17. At all times material to this action Defendant was required to keep employee records IAW the FLSA

18. The overtime provisions set forth in § 207 of the FLSA apply to Defendant.

## FACTUAL ALLEGATIONS

19. Defendant employed Plaintiff as a Client Intake Specialist working remotely from her home from on or about July 14, 2025 to on or about September 5, 2025.

20. Upon information and belief Defendant compensated Plaintiff on a salary basis.

21. Defendant required Plaintiff to regularly work in excess of forty hours per week.

22. At all times relevant to this action, Defendant did not compensate Plaintiff for hours worked in excess of forty hours per week at a rate not less than one and one-half times their regular rate of pay as required by the FLSA under 29 U.S.C. § 207.

23. Defendant failed to meet the requirements for any of the exemptions from application of the overtime compensation requirements of the FLSA under 29 U.S.C. §§ 207 or 213 with respect to Plaintiff.

24. Defendant failed to meet the requirements for paying Plaintiff at a rate not less

4

than one and one-half times the regular rate at which she was required to be paid under federal law for all hours worked over 40 in a workweek.

25. By reason of the said intentional, willful and unlawful acts of Defendant, Plaintiff has suffered damages plus incurring costs and reasonable attorneys' fees.

26. As a result of Defendant's failure to act with good faith in compensating Plaintiff, she is entitled to liquidated damages.

27. Plaintiff has retained the undersigned counsel to represent her in this action, and pursuant 29 U.S.C. § 216(b), Plaintiff is entitled to recover all reasonable attorneys' fees and costs incurred in this action.

28. Plaintiff demands a jury trial.

## COUNT I

29. Plaintiff repeats and incorporates by reference all preceding Paragraphs herein.

30. By its actions alleged herein, Defendant willfully, knowingly and/or recklessly violated the FLSA provisions and corresponding federal regulations as detailed herein, by failing to properly pay overtime wage compensation to Plaintiff in accordance with §§ 203, and 207 of the FLSA.

31. Defendant has not made a good faith effort to comply with the FLSA with respect to its overtime wage compensation of Plaintiff.

32. As a result of Defendant's violations of the FLSA, Plaintiff has suffered damages by failing to receive overtime compensation in accordance with §§ 203, and 207 of the FLSA.

34. As a result of the unlawful acts of Defendant, Plaintiff has been deprived overtime wage compensation in an amount to be determined at trial, and is entitled to recovery of such amounts, liquidated damages, pre- and post-judgment interest, costs, attorneys' fees, and other relief.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff pursuant to § 216(b) of the FLSA, pray for the following relief:

A. That Plaintiff be awarded damages in the amount of her unpaid compensation, plus an equal amount of liquidated damages;

B. That Plaintiff be awarded reasonable attorneys' fees;

C. That Plaintiff be awarded the costs and expenses of this action; and

D. That Plaintiff be awarded such other, further legal and equitable relief, including, but not limited to, any injunctive and/or declaratory relief to which she may b e entitled.

Respectfully submitted this 14th day of October, 2025.

MARTIN & MARTIN, LLP

Bye: /s/ *Thomas F. Martin*

Thomas F. Martin
tfmartinlaw@msn.com
Georgia Bar No. 482595
MARTIN & MARTIN, LLP
Post Office Box 1070
Tucker, Georgia 30085
(770) 344-7267