## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release ("Settlement Agreement" or "Agreement") is entered into by and between **Victoria Davis** ("Plaintiff") and **Harper Global Enterprises, Inc.** ("Defendant"). The Plaintiff and Defendant are referred to collectively herein as the "Parties."

**WHEREAS**, on October 14, 2025, Plaintiff filed a civil lawsuit in the United States District Court for the Northern District of Georgia, Atlanta Division, Case No. 1:25-cv-05899-MLB (the "Litigation"), alleging violations of the Fair labor Standards Act ("FLSA").

**WHEREAS**, Defendant denies it violated any federal, state or local laws, breached any duty, failed to pay Plaintiff or any employees as required under the FLSA, engaged in any willful, knowing, or reckless misclassification, misrepresentation, or other unlawful conduct with respect to Plaintiff or any of its employees including, but not limited to, the allegations Plaintiff raised, or could have raised, in the Litigation.

**WHEREAS**, the Parties acknowledge a bona fide dispute exists regarding whether Plaintiff worked uncompensated overtime hours, whether Defendant properly compensated Plaintiff for all hours worked, and whether Defendant acted in good faith under the FLSA.

**WHEREAS**, there has been no determination on the merits of the Litigation, but the Parties acknowledge the uncertainties and costs of litigation and wish to avoid litigation and settle and resolve the controversy between the Parties amicably and expeditiously, and this Settlement Agreement furthers the Parties' respective and mutual desires to amicably resolve the Litigation specific to alleged violations of the FLSA.

**WHEREAS**, the counsel for the Parties have analyzed and evaluated the merits of the Litigation and the Parties stipulate that the terms and conditions of this Settlement Agreement are fair and reasonable.

**NOW THEREFORE**, in consideration of the mutual promises and covenants set forth in the Settlement Agreement, as well as the good and valuable consideration provided herein, the Parties agree to a full and complete settlement of the Litigation as follows:

1.    **Payments and Other Consideration.**

(a)    In consideration for the promises by Plaintiff in this Settlement Agreement, Defendant agrees to pay the total gross sum of TEN THOUSAND THREE HUNDRED AND NINETY-SEVEN AND 10/100 DOLLARS ($10,397.10) (the "Settlement Payment"), which will be paid as follows:

(1)    One check made payable to "Victoria Davis" for alleged unpaid overtime wages in the amount of ONE THOUSAND SEVEN HUNDRED AND FORTY-EIGHT AND 45/100 DOLLARS (**$1,749.45**), less standard payroll deductions and withholdings, for which Defendant shall issue an IRS Form W-2.

Docusign Envelope ID: 80E21985-809E-49D5-A9CF-A4E89B330F42

(2)     One check made payable to "Victoria Davis" for alleged liquidated damages and all other damages Plaintiff seeks in the amount of ONE THOUSAND SEVEN HUNDRED AND FORTY-EIGHT AND 45/100 DOLLARS (**$1,749.45**), for which Defendant shall issue an IRS Form 1099.

(3)     One check made payable to "Martin & Martin, LLP" for attorneys' fees and costs in the amount of SIX THOUSAND NINE HUNDRED AND 20/100 DOLLARS (**$6,900.20**), for which Defendant will issue an IRS Form 1099.

(b)     Plaintiff acknowledges and agrees that Defendant has made no representations with respect to tax obligations or consequences that may arise from this Agreement.  Plaintiff, for Plaintiff and Plaintiff's dependents, successors, assigns, heirs, executors, and administrators (and Plaintiff's legal representatives of every kind), agrees to indemnify and hold the Releasees (as defined herein) harmless for the amount of any taxes, penalties, or interest that may be assessed by any governmental tax authority against any of the Releasees in connection with such governmental authority's determination that Defendant or any of the other Releasees was required to, but failed to, withhold or report the correct amount of income or employment taxes from the payments made to Plaintiff or Plaintiff's Counsel pursuant to Paragraph 1(a)(3) of this Agreement.  Plaintiff agrees that Plaintiff shall indemnify the Releasees for the full amount of such liability within thirty (30) days after receipt of notice from Defendant or any of the other Releasees of the assessment of such taxes, penalties, or interest.

(c)     All settlement payment checks issued as part of the Settlement Payment will be delivered to Plaintiff's Counsel, "Martin & Martin, LLP" at P.O. Box 1070, Tucker GA 30085-1070 within twenty-one (21) calendar days after receipt of the Court's Order approving this Settlement Agreement and dismissing the Litigation with prejudice.

2.     **Full Satisfaction of Claims.** Plaintiff agrees that the Settlement Payment constitutes adequate consideration for the release of claims by Plaintiff in this Agreement, and that the payments are in full and complete satisfaction of any and all claims by Plaintiff against Defendant and for any and all attorneys' fees and costs with respect to the Litigation, as well as for any other claims for unpaid wages, compensations, benefits, reimbursements or other wage-related claims arising out of Plaintiff's employment with Defendant.

3.     **No Consideration Absent Execution of this Settlement Agreement.** Plaintiff understands and agrees that receipt of the Settlement Payment is expressly condition upon and subject to Plaintiff's execution of this Settlement Agreement, approval of the Settlement Agreement by the Court, dismissal of this Litigation under the FLSA with prejudice, and Plaintiff's compliance in good faith at all times with the terms of this Settlement Agreement.

4.     **Approval and Dismissal of Plaintiff's FLSA Claims.** The Parties will cooperate to file a joint motion to approve the Settlement Agreement pursuant to *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350 (11th Cir. 1982) before the presiding court within ten (10) business

days of the execution of this Settlement Agreement. Plaintiff agrees to the dismissal of her FLSA claims against Defendant with prejudice and the furnishing of the papers necessary to accomplish that dismissal. It is expressly understood that Plaintiff's release of her FLSA claims in this Litigation and Defendant's obligation to make the Settlement Payment is contingent upon the Court entering an Order dismissing her FLSA claims against Defendant with prejudice. In the event the Court denies any such motion without prejudice, then the parties shall cooperate in good faith to file any amended or corrected papers to cure or address deficiencies raised by the presiding Court. In the event such motion is denied with prejudice, then this Settlement Agreement shall be deemed null and void by its own operation.

5.    **Release of Claims.** In exchange for the promises and agreements contained herein and the Settlement Payment, Plaintiff, on behalf of herself and her legal representatives, heirs, assigns, and executors, hereby irrevocably and unconditionally forever release Defendant, any of its affiliates, predecessors, successors, assigns, parents, subsidiaries, its employee benefit plans, and each of their respective past, present and future employees, officers, directors, agents, insurers, attorneys, fiduciaries, advisors, direct and indirect members, partners, shareholders and representatives (collectively, the "Releasees") from any and all charges, complaints, claims, grievances, liabilities, obligations, promises, agreements, controversies, damages, disability benefits, medical and hospital expenses, actions, causes of action, suits, rights, demands, costs, losses, debits and expenses of any nature whatsoever, whether known or unknown, suspected or unsuspected, vested or contingent, and whether concealed or hidden, which Plaintiffs now have, ever had or ever will have against the Releasees by reason of any and all acts, omissions, events, transactions, circumstances or facts which were or could have been raised in the Litigation, including but not limited to, claims related to compensation, pay, payments pursuant to the Fair Labor Standards Act and any state or local minimum wage or wage payment laws. This release does not affect any action to enforce this Agreement.

6.    **Acknowledgements and Affirmations.**

(a)    The Parties affirm and acknowledge that there was no undue influence, overreaching, collusion, or intimidation in reaching this Settlement Agreement, with each party having been represented by counsel, understanding the terms of this Agreement, and voluntarily and willfully executing this Agreement.

(b)    The Parties affirm and acknowledge that the payment of attorneys' fees and costs, set forth in Paragraph 1(a)(3), were negotiated separately and independently without regard, impact, or effect to/on the amounts payable to Plaintiff.

(c)    The Parties affirm and acknowledge that there are bona fide legal arguments and disputes between Plaintiff and Defendant, and that the consideration described in Paragraph 1 herein reflects a full compromise of such claims, including claims under the Fair Labor Standards Act (or applicable state or local wage law) as of the date of execution of this Settlement Agreement.

Docusign Envelope ID: 80E21985-809E-49D5-A9CF-A4E89B330F42

(d)      The Parties affirm and acknowledge that this Settlement Agreement is contingent upon and requires court approval of all settlement terms. The Parties agree to take all steps reasonably necessary to effectual approval of this Agreement, and to execute such documents and to take such other actions as may be reasonably necessary to further the purposes of this Agreement.

7.      **No Admission of Wrongdoing.** By entering into this Settlement Agreement, Defendant does not admit, and specifically denies, any liability or wrongdoing. Plaintiffs expressly understand and agree that Defendant expressly denies that it violated the FLSA, and that Defendant is entering into this Agreement solely for the purposes of avoiding costs of litigation and amicably resolving all matters in controversy, disputes and causes of action brought by Plaintiffs against Defendant. Accordingly, this Agreement does not constitute an admission by Defendant or by any Releasee of any violation of any federal, state or local statute. Further, this Agreement does not constitute an admission by Defendant or by any Releasee of any violation of any contract or common law or any other legal duty. Neither this Agreement nor anything in this Agreement shall be construed to be admissible, or shall be admissible, in any proceeding as evidence of wrongdoing by Defendant or any Releasee.

8.      **Governing Law, Severability, and Interpretation.** This Settlement Agreement shall be governed by, construed, and enforceable under the laws of the State of Georgia (without regard to conflict of laws principles). Should any provision of this Settlement Agreement be declared illegal or unenforceable by a court, the Parties agree that the court can interpret or modify it to be enforceable. If the court cannot do so, the Parties agree that any such provision, excluding the release of claims, shall immediately become null and void, leaving the remainder of this Settlement Agreement in full force and effect.

9.      **Class/Collective Action Waiver, Jury Waiver.** If any claim is not subject to release, to the extent permitted by law, Plaintiff waives any right or ability to be a class or collective action representative or to otherwise participate in any putative or certified class, collective or multi-party action or proceeding based on such a claim in which Company or any other Releasee identified in this Agreement is a party.  Similarly, as to any such claim against any Releasee that is not otherwise released, Plaintiff waives Plaintiff's right to a jury trial subject to applicable law.

10.      **Counterparts.** This Settlement Agreement may be executed in any number of duplicate originals, photocopies, or facsimiles, all of which (once each party has executed at least one such duplicate original, photocopy, or facsimile) will constitute one and the same document.

11.      **Construction.** The Parties agree that the terms and conditions of this Agreement are the result arms-length negotiations between the Parties and that this Agreement shall not be construed in favor of or against any party by reason of the extent to which any party or its counsel participated in the drafting of this Agreement. In the event of vagueness, ambiguity, or uncertainty,

this Agreement shall not be construed against the Party preparing it.  Instead, it shall be construed as if both Parties prepared it jointly.

**12.**    **Entire Agreement.** This Settlement Agreement sets forth the entire agreement between the parties regarding the subject matter hereof and supersedes any written or oral understanding, promise, or agreement directly or indirectly related to them. Plaintiffs acknowledge that they are legally competent to execute this Agreement and accept full responsibility for this Agreement. This Agreement shall be final and binding upon the parties, their predecessors, successors, and assigns, as to all past or present disputes referred to herein which may have existed or now exist between them. Any amendments or changes to this Agreement are unenforceable unless they are made in a writing signed by all Parties.

**13.**    **Third Party Beneficiaries.** All Releasees are third party beneficiaries of this Agreement for purposes of the protections offered by this Agreement, and they shall be entitled to enforce the provisions of this Agreement applicable to any such Releasee as against Plaintiff or any party acting on Plaintiff's behalf.

**HAVING VOLUNTARILY ELECTED TO EXECUTE THIS SETTLEMENT AGREEMENT, PLAINTIFF ACKNOWLEDGES THAT PLAINTIFF HAS HAD A REASONABLE PERIOD OF TIME TO CONSIDER THIS AGREEMENT.  PLAINTIFF FURTHER ACKNOWLEDGES THAT PLAINTIFF HAS CONSULTED WITH AN ATTORNEY PRIOR TO SIGNING THIS AGREEMENT AND HAS IN FACT OBTAINED LEGAL REPRESENTATION ABOUT THE DECISION TO ENTER INTO THIS AGREEMENT BY PLAINTIFF'S COUNSEL MARTIN & MARTIN, LLP, AND SO DOING, ENTERS INTO THIS AGREEMENT.**

**PLAINTIFF FREELY AND KNOWINGLY, AND AFTER DUE CONSIDERATION, ENTERS INTO THIS AGREEMENT INTENDING TO WAIVE, SETTLE AND RELEASE ALL CLAIMS FOR UNPAID WAGES PLAINTIFF HAS OR MIGHT HAVE AGAINST DEFENDANT RELEASEES.**

Docusign Envelope ID: 80E21985-809E-49D5-A8CF-A4E89B330F42

Settlement Agreement
Page **6** of **6**

The Parties knowingly and voluntarily sign this Agreement as of the date(s) set forth below:

**VICTORIA DAVIS**                    **HARPER GLOBAL ENTERPRISES, INC.**

By: _____          By: _____
                                     Dakotah Rice
                                     Chief Executive Officer

Print
Name: Victoria Davis                 Date: 1/9/26